UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60120
Summary Calendar

_____

INMAR ANTONIO VALLADARES,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
( A72-016-528)
_____

December 7, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Inmar Antonio Valladares petitions for review of the Board of
Immigration Appeals' (BIA) denial of his asylum request, filed in
1992. (Accordingly the 1996 amendments to the Immigration and
Nationality act are *not* applicable.)

The Attorney General *may* grant such a request to an alien who
demonstrates past "persecution or a well-founded fear of
persecution on account of race, religion, nationality, membership
in a particular social group, or political opinion...." 8 U.S.C.
§§ 1158(b), 1101(a)(42)(A). To demonstrate the requisite well-

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

founded fear, Valladares asserted that he received death threats from members of the Farabundo Marti National Liberation Front (FMLN); and that he was perceived to support the Salvadoran government because of his service in the Salvadoran military (completed in 1991).

The BIA's deportation order will be sustained if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole'". *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). Under this standard, the evidence must *not* merely support Valladares' claim; it must "compel[] it". *Id.* at 481 n.1.

The evidence does *not* compel the conclusion that Valladares was persecuted based on political opinion, because he failed to demonstrate any political belief was attributed to him by virtue of his military membership. *See Elias-Zacarias*, 502 U.S. at 482-83. In fact, Valladares testified that military service was "an obligation"; thus, such service does *not* necessarily denote support of the Salvadoran government.

Valladares seeks also to remain in the United States based on international "safe haven" law. Even assuming it is applicable, this claim also fails. As the BIA noted in its decision, El Salvador is no longer engaged in civil strife, and the FMLN has been integrated into the national political structure.

*DENIED*